The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Alston. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff and defendant-employer.
3. Plaintiff's average weekly wage was $410.00.
4. At all times relevant hereto, American Motorists Insurance Company was the compensation carrier on risk.
*******************
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff began working for defendant in September 1991, as an executive secretary. Plaintiff's duties included typing, computer keyboard operation, answering the telephone, reviewing and approving various documents, copying, distribution of documents and other clerical duties.
2. Plaintiff would type between two to five hours per day.
3. Plaintiff first noticed that she was having difficulty with both of her hands and wrists in 1988. On October 24, 1988, plaintiff went to see her family doctor about her concerns with her hands and she was advised that she may have contracted "sound" carpal tunnel. However, plaintiff continued to work.
4. In the spring of 1992, while employed by defendant-employer, plaintiff began to experience pain in both her wrists. She was seen and treated by Dr. H. J. Schulten for her condition. Dr. Schulten diagnosed her condition as bilateral carpal tunnel syndrome.
5. Thereafter, plaintiff's condition improved and she did not seek any further treatment until the fall of 1993. In October 1993, plaintiff was seen and treated by Dr. Kenneth A. Yaussey for the continuing problems she was having with her hands. Dr. Yaussey diagnosed plaintiff's condition as bilateral carpal tunnel syndrome. Dr. Yaussey further stated that plaintiff's carpal tunnel syndrome was job-related.
6. Dr. Yaussey referred plaintiff to Dr. William K. Pekman for the treatment of her condition. Dr. Pekman agreed with Dr. Yaussey's diagnosis of plaintiff's condition.
7. Dr. Pekman treated plaintiff's condition with conservative means but plaintiff did not respond. He had suggested that she might respond to injections, but plaintiff did not want this method of treatment.
8. Plaintiff was not taken out of work due to her carpal tunnel.
9. When asked, Dr. Pekman could not say that plaintiff's condition was related to her work, nor could he say that it placed her at an increased risk over the general public of contracting carpal tunnel.
10. The undersigned gives greater weight to the opinion of Dr. Yaussey than that of Dr. Pekman.
11. Plaintiff has been given a 7.5 percent impairment of each hand as a result of her carpal tunnel syndrome.
*******************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
1. Plaintiff's claim for an occupational disease as a result of her carpal tunnel syndrome is GRANTED. N.C.G.S. §97-53(13).
2. Defendant shall pay for all medical treatment beginning with the treatment of Dr. Yaussey and all future treatment including surgery, if it will give relief, effect a cure for plaintiff's condition. N.C.G.S. § 97-25.
3. As the result of plaintiff's occupational disease, plaintiff is entitled to have defendants pay her permanent partial disability compensation at the rate of $273.35 per week for a period of 30 weeks.
*******************
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for an occupational disease as a result of her carpal tunnel syndrome is GRANTED.
2. Defendants shall pay for all medical treatment beginning with the treatment of Dr. Yaussey and all future treatment including surgery, if it will give relief, effect a cure for plaintiff's condition.
3. Defendants shall pay plaintiff permanent partial disability compensation at the rate of $273.35 per week for a period of 30 weeks.
4. Plaintiff's counsel is entitled to a fee of 25 percent in this case.
5. Defendant shall pay costs.
 S/ ______________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ______________________ DIANNE C. SELLERS COMMISSIONER
S/ ______________________ THOMAS J. BOLCH COMMISSIONER